IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-945-NYW-CBS

**J. LEE BROWNING BELIZE TRUST, by Judi B. Francis, Trustee,
Plaintiff,**

v.

**ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC.
Defendant.**

---

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

---

Defendant, Aspen Mountain Condominium Association, Inc., by and though its Counsel, pursuant to Fed. R. Civ. P. 16, 26, and 37, hereby files this Motion to Compel Discovery. Specifically, this Motion seeks an order requiring Plaintiff to (1) immediately provide responses to Defendant's written discovery requests which were served on September 21, 2015; (2) cooperate in scheduling depositions of representatives of the Plaintiff and other witnesses, and to provide dates available for the depositions immediately; and (3) immediately provide the documents identified in its Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**CERTIFICATE OF CONFERRAL PURSUANT TO FED. R. CIV. P. 37(a)(1)
AND D.C.COLO.LCivR. 7.1(a)**

Counsel for Defendant has, in good faith, conferred on multiple occasions with Counsel for Plaintiff regarding the relief requested herein, but, to date, as discussed in more detail below, Plaintiff still has yet to provide discovery responses, initial disclosure documents, and to cooperate in the scheduling of depositions of Plaintiff representatives and other witnesses.  As such, given that the discovery cut-off in this matter occurs on May 31, 2016, Defendant unfortunately had no alternative but to file this Motion.

## BACKGROUND

This action was commenced on May 4, 2015, and involves Plaintiff's claims arising out of a plumbing back-up that occurred on June 7, 2014 in a condominium unit allegedly owned by Plaintiff in the Aspen Mountain Condominiums.  Generally, Plaintiff claims to have sustained damages as a result of the back-up, including a claim that Plaintiff in unable to sell the Unit in its current condition.[1]

On July 14, 2015, this Court entered its Scheduling Order in this matter.  On August 28, 2015, Plaintiff purported to file its Fed. R. Civ. P. 26(a)(1) Disclosures (despite the fact that per the Scheduling Order, Initial Disclosures were due on July 28, 2015).  *See* Plaintiff's Initial Disclosures, attached hereto as Exhibit B.  However, Plaintiff did not (and still has not, despite repeated requests as discussed in more detail below) provide Defendant with copies of the documents identified therein.

On September 21, 2015**,** Defendant served Plaintiff with Defendant's First Set of Written Discovery Requests (consisting of Interrogatories and Requests for Production), attached hereto as Exhibit C.  However, to date, and despite repeated requests from defense Counsel and promises to produce them from Plaintiff's Counsel, as discussed in more detail below, Plaintiff has failed to respond to the written discovery requests.

On November 23, 2015, defense Counsel wrote to Plaintiff's Counsel regarding Plaintiff's

---

[1]    It should be noted that on September 8, 2015, the District Court for Pitkin County, Colorado entered a Judgment and Decree of Foreclosure regarding the subject condominium unit, in Case No. 2010CV201, relating in part to Plaintiff's failure to pay common expense assessments on the Unit.  A copy of that Judgment and Decree is attached hereto as Exhibit A.  Plaintiff (and other entities related to Plaintiff in that action) have filed an Appeal with the Colorado Court of Appeals that remains pending (2015CA1776).  Thus, it is uncertain that Plaintiff currently has standing, or will have standing in the future, to pursue certain claims being presented in this action.

failure to respond to the written discovery requests, and asked that they be provided by Friday, November 27, 2015. *See* Exhibit D. On Monday, November 30, 2015, Plaintiff's counsel responded, stating that "[w]e are working today and, if necessary, tomorrow to get responses to you on your written discovery in the second federal case--the one arising from the 2014 flood."[2] *See* Exhibit E. On December 30, 2015, Plaintiff's Counsel wrote to undersigned Counsel, advising that he realized that his discovery responses were overdue, but was required to apply "triage principles to what work to do first," and again stated his intention to provide the discovery responses "as soon as possible" after completing other items. *See* Exhibit F, at pp. 2-3.

On December 30, 2015, undersigned Counsel advised Plaintiff's counsel of his intention to take the depositions of Bob Francis, Leslie Francis, and Judy Francis (all of whom are current or former trustees or beneficiaries of the Plaintiff trust) in this action, and asked that Plaintiff's Counsel provide dates for the same by the next week. *See* Exhibit G. On January 7, 2016, Plaintiff's Counsel indicated that he had not yet spoken to the Francis parties (Exhibit H, at p. 1), but had had a deadline in a separate matter moved and thus intended to use the time to get discovery responses completed in this action. *See* Exhibit H, at p. 3.

On January 14, 2016, undersigned Counsel again wrote to Plaintiff's Counsel regarding deposition dates for the Francis parties, and requested again that dates be provided by the end of the week. *See* Exhibit I. Additionally, undersigned Counsel requested dates for (and the identity

---

[2]    The "first" federal action to which Plaintiff's Counsel is referring is Plaintiff's suit against Defendant in this Court, Civil Action No. 13-cv-03519-RM-MJW, alleging, among other things, that the Colorado Common Interest Ownership Act, C.R.S. § 38-33.3-101 et seq. is unconstitutional. In that action, on January 21, 2016, Judge Moore dismissed Plaintiff's first two claims for relief without prejudice, and ordered the matter administratively closed, per the *Younger* abstention doctrine, given the pendency of the 2010CV201 Pitkin County District Court action and related appellate proceeding.

of) the realtor that was claimed to have listed the subject Unit for sale, as well as a witness from Roto-Rooter, by the end of the week.  *See id*.  Undersigned Counsel also again requested that Plaintiff produce the documentation identified in its Initial Disclosures by the end of the week. *See id*.  Plaintiff's counsel did not respond.

Thereafter, on January 19, 2016, undersigned Counsel forwarded a letter to Plaintiff's counsel, again regarding Plaintiff's failure to provide deposition dates, responses to discovery requests, and disclosure documents.  *See* Exhibit J.  In that correspondence, undersigned Counsel advised Plaintiff's counsel that if the discovery responses, which were at that point approximately three months overdue, were not forthcoming by the close of business the following day, he would have no alternative but to file a Motion with the Court.

On January 25, 2015, Plaintiff's Counsel wrote to undersigned Counsel and advised that he was required to address motions in the Court of Appeals before "turning his attention" to discovery-related correspondence and furnishing responses to the written discovery requests.[3] *See* Exhibit L, at p. 1.  Now, over a week later, and after Plaintiff's counsel had provided his submissions to the Court of Appeals, Plaintiff has still not produced written discovery responses, has not provided its Disclosure documents, and has not provided Defendant's Counsel with deposition dates as requested.

---

[3]     The Motions in the Court of Appeals to which Plaintiff's counsel was referring consisted of Motions seeking to dismiss the Appeal of the 2010CV201 Pitkin County District Court Action for Plaintiff's (and other Francis Party Appellants) failure to timely designate and transmit the record on appeal to the Colorado Court of Appeals.  A copy of Defendant's (Appellees, in the Court of Appeals action) Supplement to Motion to Dismiss, and Motion to Strike Appellants' Designation filed in the Court of Appeals is attached hereto as Exhibit K.

# ARGUMENT

Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), responses to Interrogatories and Requests for Production are due within thirty days after being served.  *See id*.  The written discovery requests at issue were served in this matter on September 21, 2015, and responses thereto are now over three months overdue.  Per Fed. R. Civ. P. 37(a)(B)(iii)-(iv), a party seeking discovery may move for an order compelling answers and production if a party fails to answer interrogatories or fails to produce documents requested under Rule 34.  *See id*.

Despite repeated promises from Plaintiff's Counsel that the requested discovery responses would soon be forthcoming, the responses have still not been produced by Plaintiff.  While Defendant has no desire to involve the Court unnecessarily in discovery disputes, given the prior history of the litigation initiated by Plaintiff and its related trustees/entities, etc., as set forth in more detail in some of the exhibits hereto, unfortunately, it seems extremely doubtful that Plaintiff will provide its discovery responses, absent Court involvement.  As such, pursuant to Fed. R. Civ. P. 37, Defendant requests that this Court enter an Order, requiring Plaintiff to provide its discovery responses in accordance with the Federal Rules of Civil Procedure immediately, so that this litigation can proceed in an orderly fashion.

On a similar note regarding depositions of the Francis Party Plaintiffs and witnesses, undersigned Counsel has attempted to procure dates from Plaintiff's Counsel on multiple occasions, as identified above, but has received no substantive response.  While undersigned Counsel could notice the depositions under Fed. R. Civ. P. 30 and D.C.COLO.LCivR. 30.1 at this point without input from Plaintiff's counsel, after having made multiple good faith efforts to schedule the depositions in a convenient and cost effective manner, given the nature of the prior

litigation between the Francis parties and Defendant, this will very likely result only in further motions practice, etc., which undersigned counsel would prefer to avoid, if possible.  As such, Defendant respectfully requests that the Court enter an Order requiring Plaintiff and Plaintiff's counsel to cooperate immediately in scheduling the above-referenced depositions.

Likewise, Defendant requests that Plaintiff be ordered to produce the documents identified in its Initial Disclosures immediately.  Per the Scheduling Order in this matter, the discovery cut-off is May 31, 2016.  Defendant will be unable to determine if any further discovery is necessary until such time as Plaintiff produces the documents germane to this matter (which should have occurred at the onset of the case, in August 2015).

Again, while undersigned Counsel regrets being required to seek Court intervention regarding discovery disputes, it appears to be very unlikely that the case will proceed in an orderly fashion and move forward without an Order of the Court.

Finally, Defendant requests that this Court enter sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) ("[t]he Court where the action  is pending may, on motion,  order sanctions if: a party, after being properly served with interrogatories under Rule 33 . . ., fails to serve its answers, objections, or written response").  Defendant requests that it be awarded its reasonable expenses, including attorney's fees, incurred as a result of Plaintiff's failure to respond to Defendant's written discovery requests, pursuant to Fed. R. Civ. P. 37(d)(3).

WHEREFORE, Defendant respectfully requests that this Court enter an Order:

(1)  compelling Plaintiff to provide responses to Defendant's Interrogatories and Requests for Production to Defendant immediately;

(2)  compelling Plaintiff to cooperate in scheduling the depositions in this matter as

identified above, and to provide available dates for depositions of the Plaintiff representatives immediately;

(3) compelling Plaintiff to provide the documents identified in its Fed. R. Civ. P. 26(a)(1) Disclosures to Defendant immediately;

(4) awarding Defendant its reasonable expenses, including attorney's fees, incurred as a result of Plaintiff's failure to respond to Defendant's written discovery requests, pursuant to Fed. R. Civ. P. 37(d)(3); and

(5) for such other and further relief as the nature of its cause requires.

Respectfully submitted this 4th day of February 2016.

**YOUNGE & HOCKENSMITH, P.C.**
*/s/ Benjamin M. Wegener, Original signature on file in the Law Offices of Younge & Hockensmith, P.C.*

By      /s/ Benjamin M. Wegener
Benjamin M. Wegener, Esq. (36952)
743 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2645
Fax: (970) 241-5719
ben@youngelaw.com

By      /s/ Richard E. Lane
Richard Lane, Esq. (39722)
743 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2645
Fax: (970) 241-5719
richard@youngelaw.com

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO COMPEL DISCOVERY** was served this 4th day of February, 2016, by the CM/ECF system upon the following:

George M. Allen
206-A Society Drive
Telluride CO 81435
yxgeo@yahoo.com

*/s/ Tina Burke, Original Signature on file in the Law Offices of Younge & Hockensmith, P.C.*

_____

8