| ☐ Small Claims ☐ County Court ☒ District Court<br>☐ Probate Court ☐ Juvenile Court ☐ Water Court<br>Pitkin County, Colorado<br>Court Address: PITKIN COMBINED COURTS<br>506 East Main Street, Suite E<br>Aspen, CO 81611 | DATE FILED: September 8, 2015<br>CASE NUMBER: 2010CV201 |
|---|---|
| Plaintiff(s): ROBERT A. FRANCIS, as Trustee of the Judi B. Francis Irrevocable Trust and as Trustee of the Robert A. Francis Irrevocable Family Trust; JUDI B. FRANCIS, as Trustee of the J. Lee Browning Belize Trust; and LESLEE K. FRANCIS<br><br>v.<br><br>Defendant(s): THE ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado corporation; DONALD MILLER, BRUCE LYNTON, and STEVE DAUBENMEIER, in their capacity as members of the Board of Directors of The Aspen Mountain Association, Inc.; A. RONALD ERICKSON; and ASPEN RESORT ACCOMODATIONS, INC., a Colorado corporation<br><br>And<br><br>Plaintiff(s): ASPEN MOUNTAIN CONDOMINIUM ASSOICIATON, INC., a Colorado corporation<br><br>v.<br><br>Defendant(s): THE JUDI B. FRANCIS IRREVOCABLE TRUST; THE ROBERT A. FRANCIS IRREVOCABLE FAMILY TRUST; THE J. LEE BROWING BELIZE TRUST; and LESLEE K. FRANCIS | ▲ COURT USE ONLY ▲<br>Case No.: 10CV201<br><br>Div.:1 |

## JUDGMENT AND DECREE OF FORECLOSURE

THIS MATTER came before the Court on August 18, 2015 for hearing on AMCA's claim to collect assessments, to foreclose on the statutory assessment lien, and to obtain a judicial sale of the subject property to satisfy all or part of the assessment lien. The Court heard the testimony of Robert A. Francis, Steve Daubenmeier, Don Miller, Ron Erickson, Mr. Lassalette and Scott Harper. The Court has reviewed the following exhibits that were admitted into evidence: A, F, G, MM, NN, RR, SS, VV, WW, XX, YY, ZZ, AAA, BBB, EEE, GGG, HHH, III, JJJ, 1, 2, 3, 4, 43, 44, and 45. The Court has also reviewed the file and relevant authorities and hereby finds and orders as follows.

### FINDINGS OF FACT

The Aspen Mountain Condominium Association (hereinafter "the Association") is a nonprofit corporation whose members are comprised of the condominium owners. There are 11 condominium units in the complex.

1



At various times, Defendants Judi B. Francis Irrevocable Family Trust, Robert A Francis Irrevocable Family Trust, Leslee K. Francis and the J. Lee Browning Belize Trust were the owners of Unit 1A. Unit 1A has the following legal description:

> CONDOMINIUM UNIT 1-A, Aspen Inn Apartments
> NOW KNOWN AS ASPEN MOUNTAIN CONDOMINIUMS
> According to the Map thereof recorded November 30, 1972
> in Plat Book 4 at Page 332 as Reception No. 155597 and
> as further Defined and described in the Condominium Declaration
> for Aspen Inn Apartments recorded November 30, 1972 in Book 269
> At Page 312 as Reception No. 155596 and the Amended and
> Restated Condominium Declaration for Aspen Mountain
> Condominiums Recorded July 6, 2010 as Reception No. 571810
>
> COUNTY OF PITKIN, STATE OF COLORADO

During the February 18, 2010 Annual Meeting, the members of the Association voted to amend the Association's Declarations. (See Exhibit 1). Under the new Amended and Restated Condominium Declaration for AMCA, the ownership interest for the common elements was reallocated so that each Unit owned an equal share of the common elements. Each Unit now owns 9.09% of the common elements and all units are entitled to one vote in Association matters. (See Exhibit G). The amendment did result in an increase in the assessments owed by Unit 1-A to the Association for common expenses.

The common assessments cover each Unit's living expenses including each Unit's heat, electricity, cable, water, gas, snow removal, and trash.

Each year an annual budget is adopted by the Association. The budget is then divided by the 11 Units and this is what each Unit is assessed.

Article 5 of the Amended Declaration governs the assessments. The provisions pertinent to this lawsuit are:

### Section 5.2: **and Personal Obligation for Assessments:**

> Each Owner of any Unit, by acceptance of a deed
> therefor, whether or not it shall be so expressed
> in such deed, is deemed to covenant and agree to
> pay to the Association: (a) annual assessments or
> charges; (b) special assessments; (c) specific special
> assessments against any particular Unit which are
> established pursuant to the terms of this Declaration,
> including but not limited to, insurance assessments
> and reasonable fines imposed in accordance with the
> terms of this Declaration.

> All such assessments, together with charges,
> interest, costs, and reasonable attorney's fees
> actually incurred (including post-judgment attorney
> fees, costs, and reasonable attorney's fees actually
> incurred (including post-judgment attorney fees, costs
> and expenses), in the maximum amount permitted by
> law, shall be a charge on the Unit and shall be a
> continuing lien upon the Unit against which each
> assessment is made. Such amounts shall also be the
> personal obligation of the Person who was the Owner
> of such Unit at the time when the assessment fell due.
> The Association shall have authority to record a notice
> of such lien in the Pitkin County, Colorado real
> property records evidencing the lien created under
> this Declaration. The line provided for herein shall have
> the priority as set forth in the Act.
>
> Assessments shall be paid in such manner and on such
> dates as may be fixed by the Board of Directors. Unless
> otherwise provided by Board resolution, the annual
> assessments shall be paid in equal quarterly installments
> due on the first day of each calendar quarter.

Under Section 5.3 of the Amended Declarations, if the assessments are not paid when due, a late charge and interest may also be assessed. (See Exhibit G). The Board is also authorized to accelerate the assessments.

On March 6, 2010, the Association received a letter from Unit 1-A stating that it was not going to pay the assessments anymore.

On August 9, 2010, Scott Harper, the Association's attorney, sent a letter to Mr. Francis notifying him that the assessments through the third quarter of 2010 were past due and that if he didn't pay it within seven days, a lien would be filed against Unit 1-A. At that time, there was a balance due and owing of $2,149.48. (See Exhibit MM).

On August 19, 2010, the Association filed an assessment lien against Unit 1-A and recorded a Statement of Assessment Lien with Pitkin County as a result of Unit 1-A's failures to pay its assessments. On February 23, 2011, the Association filed a Notice of Lis Pendens with Pitkin County.

On August 25, 2010, the Association sent Mr. Francis a letter notifying him that it was exercising its right to accelerate payment of the assessments on Unit 1-A. At that time, the assessment due were $4,249.16. (See Exhibit NN).

When Mr. Francis stopped paying his annual assessments and the Association began incurring attorney fees, the Association had to do a special assessment to pay for the attorney fees. A special assessment was made on three separate occasions and required each Unit to pay $2,000. In total, each Unit was assessed $6,000.

Ron Erickson has been the property manager for the Association for the past 12 years. His company did an audit of what was owed by the Unit 1-A owner(s). Exhibit III reflects the total amount owed. Exhibit III includes all invoices, credits and payments received. As of July 1, 2015, Unit 1-A owes a total of $216,957.15 for assessments, late fees, interest and attorney fees. (See Exhibit III which is the Statement of Account). (See also the invoices contained in Exhibits VV, WW, XX, YY and ZZ).

From January 1, 2010 through trial, the Francis Plaintiffs did tender partial payment of the assessments to the Registry of the Court. They have been given credit for this in the Statement of Account set forth in Exhibit III.

As part of his duties as property manager, Mr. Erickson was responsible for reviewing the legal bills incurred by the Association. Mr. Erickson would pay the Association's legal bills on a monthly basis. Mr. Erickson never found any errors or objections to either Mr. Harper or Mr. Lassalette's legal bills. Mr. Harper's legal fees related to this matter totaled $27,325.60. (See Exhibit AAA). Mr. Lassalette's legal fees totaled $115,256.86. (See Exhibits AAA and EEE).[1]

Mr. Harper has been an attorney licensed in Colorado since 1970. He has been in private practice in Aspen, Colorado since 1993. He was the Association's attorney. He generally advised the Association on condominium issues. His hourly rate was $350. Mr. Harper never received any objections to his attorney fees from the Association. Mr. Harper discounted his fees on several occasions.

Mr. Lassalette has been an attorney licensed in Colorado since 1997. He has been in private practice in Aspen, Colorado since 2000. Mr. Lassalette began representing the Association in June or July of 2011. After there was a consolidation of the two cases, Mr. Lassalette delegated as much work on the case as he could to insurance defense counsel. The case was very motion heavy. There are presently over 900 filings. Mr. Lassalette charges $325 an hour. In his opinion, all of his time entries were reasonable and necessary.

---

[1] The Court has previously entered judgment in the amount of $26,875.59 for attorney fees. So, the balance remaining owed for Mr. Lassalette's attorney fees is $88,381.27.

## CONCLUSIONS OF LAW AND ORDER

### THE JUDICIAL FORECLOSURE

The Court finds that the Francis Plaintiffs are or have been owners of Unit 1-A. The current owner of Unit 1-A is the J. Lee Browning Belize Trust.

The Court finds that the Francis Plaintiffs have failed to pay all of the assessments as indicated in Exhibit III.

The Court finds that the Association has asserted a statutory assessment lien against Unit 1-A in accordance with the terms of the Declaration.

The Court finds that the Francis Plaintiffs are in default for failing to pay all of the assessments due under the terms of the Amended and Restated Condominium Declaration for Aspen Mountain Condominiums, recorded on July 6, 2010.

The following amounts are due and owing:

| | |
|---|---:|
| Quarterly and special assessments in the amount of: | $51,749.95 |
| Annual (capital) reserve contributions in the amount of: | $5,780.00 |
| Costs and attorney fees in the amount of: | $142,582.46 |
| Late charges in the amount of: | $13,959.81 |
| Interest in the amount of: | $30,217.06 |
| **LESS** amounts reduced to judgment: | <$26,875.59 |
| **LESS** Owner's payments in the amount of: | < $27,410.38 |
| **TOTAL:** | **$190,003.31** |

The Court finds that the attorney fees and costs set forth above are allowed pursuant to the terms of the Declaration and CCIOA. The Court also finds that rates charged by Mr. Harper and Mr. Lassalette are reasonable for the Aspen area. The Court finds that the attorney fees incurred were reasonable and necessary. This action has been pending since 2010. There were numerous motions filed by both parties. The case has been hotly contested. There are over 900 filings in this case. The case was complex.

The Court finds that the above amount that is due is secured by a Statement of Assessment Lien filed in the public records of Pitkin County, Colorado. The interest of owners in the property is junior and subordinate to the lien of the Association.

The Francis Plaintiffs argue that judicial foreclosure of the assessment liens would be improper because the Association failed to introduce evidence at the hearing that the Executive Board formally resolved, by a recorded vote, to authorize the filing of this legal action as required by C.R.S. §38-33.3-316(11)(a)(II). This action was filed in 2010. The requirement that the Executive Board formally vote to authorize the filing of

5

an action to foreclose on assessment liens was not in effect in 2010. That requirement was not added to the statute until 2014 and did not become effective until January 1, 2014. Therefore, this requirement is not applicable to this 2010 action.

The Francis Plaintiffs also argue that since the Association failed to introduce evidence at the actual recorded Statement of Lien against Unit 1-A or the recorded Notice of Lis Pendens, the foreclosure must fail. The Francis Plaintiffs submit no authority in support of this argument and the Court has found no authority that such evidence is required. The Association has a statutory right to foreclose on unpaid assessments. Moreover, as the Court recalls, there was testimony that the Statement of Lien and Lis Pendens was filed against Unit 1-A which is sufficient.

Lastly, the Francis Plaintiffs have argued that the foreclosure must fail because the Association because some of the Directors had a conflict of interest which invalidated the 2010 Declarations. This issue was not either expressly or impliedly tried during the August 18, 2015 hearing and the Court will not consider it for the first time here.

Having rejected the arguments of the Francis Plaintiffs, the Court hereby finds that judicial foreclosure is appropriate and judgment will enter as set forth below.

## IT IS HEREBY DECREED:

This Court enters judgment in favor of AMCA and against Defendants Judi B. Francis Irrevocable Family Trust, Robert A. Francis Irrevocable Family Trust, Leslee K. Francis and J. Lee Browning Belize Trust in the amount of **$190,003.31**, for additional assessments, costs and attorney fees accrued through the date of Sheriff's sale, with interest continuing to accrue at the rate of 8% per annum until the judgment is paid.

AMCA shall submit its additional costs and attorney fees incurred in August of 2015, to be determined pursuant to C.R.C.P. 121 § 1-22 and added to the above judgment amount by separate order.

The assessment lien shall be foreclosed and the Sheriff of Pitkin County, Colorado is ordered to sell the following real property in the same manner as prescribed by statute for the sale of land on execution:

> CONDOMINIUM UNIT 1-A, Aspen Inn Apartments
> NOW KNOWN AS ASPEN MOUNTAIN CONDOMINIUMS
> According to the Map thereof recorded November 30, 1972 in
> Plat Book 4 at Page 332 as Reception No. 155597 and as further
> Defined and described in the Condominium Declaration for
> Aspen Inn Apartments recorded November 30, 1972 in Book 269
> At Page 312 as Reception No. 155596 and the Amended and Restated
> Condominium Declaration for Aspen Mountain Condominiums
> Recorded July 6, 2010 as Reception No. 571810

COUNTY OF PITKIN, STATE OF COLORADO

Said Sheriff shall apply the proceeds of such sale as follows:

(a) First, to pay all fees, costs and expenses incurred in connection with the sale;
(b) Second, repay any advances for taxes, insurance, etc. after the judgment;
(c) Third, pay AMCA the amount of said judgment and interest; and
(d) Fourth, to pay any balance remaining into the registry of this Court to be applied as the Court shall hereinafter direct.

This Decree shall be a writ of special execution and no levy need be made.

Following said sale, the Sheriff shall execute and deliver a Certificate of Purchase to the highest bidder for cash at said sale and cause a duplicate of said Certificate of Purchase to be recorded with the Clerk and Recorder of Pitkin County, make a report of said sale to this Court as soon as possible thereafter, and, upon expiration of the period of redemption provided by law, execute and deliver a Deed conveying the real property to the holder of the Certificate of Purchase, unless the property is sooner redeemed.

Dated this 8th day of September, 2015.

BY THE COURT:

Denise K. Lynch
District Court Judge