# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00945-NYW

LEE BROWNING BELIZE TRUST,

    Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Not-For-Profit Corporation,
BRUCE LYNTON,
STEVE DAUBENMIER, and
DONALD MILLER,

    Defendants.

_____

## MEMORANDUM OPINION AND ORDER
_____

Magistrate Judge Nina Y. Wang

    This matter is before the court, pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated July 15, 2015 [#19], on a number of pending motions:

    (1)    Defendant [Aspen Mountain Condominium Association]'s Motion for Summary Judgment [#30, filed June 6, 2016];

    (2)    Plaintiff's Motion for Partial Summary Judgment on Issue of Liability (Fed. R. Civ. P. Rule 56) ("Plaintiff's Motion for Partial Summary Judgment") [#52, filed August 1, 2016]; and

    (3)    Plaintiff's Motion for Withdrawal of Deemed Admission as to Defendant's Second Written Discovery Request (Fed. R. Civ. P. Rule 36(b)) ("Plaintiff's Motion to Withdraw

Admissions") [#60, filed August 31, 2016].

The court has reviewed the Parties' briefs, the entire docket, the applicable case law, and took oral argument on the Motions for Summary Judgment on August 12, 2016 [#58]. Being fully advised of the premises, this court respectfully GRANTS Plaintiff's Motion to Withdraw Admissions; and DENIES the Motions for Summary Judgment.

## BACKGROUND

This case arises from a dispute between Plaintiff, J. Lee Browning Belize Trust ("Plaintiff" or "Belize Trust") and Defendant Aspen Mountain Condominium Association, Inc. ("Defendant" or "AMCA")[1] over damage caused by a June 2014 sewage blockage and backup. [#1]. Plaintiff owns Unit 1-A in the Aspen Mountain Condominiums, which is managed by AMCA. [*Id.* at ¶ 7]. In June 2014, part of the sewage disposal line running from Unit 1-A to the sanitary sewer system became blocked to the point of causing sewage backup, resulting in sewage-soaked carpeting and flooring as well as other damage to Unit 1-A. [*Id.* at ¶ 12]. Plaintiff alleges that AMCA refuses to make a definitive repair to the sewage disposal line that causes repeated blockages and, accordingly, Plaintiff cannot list or sell Unit 1-A. [*Id.* at ¶¶ 15–16]. Plaintiff further contends that the present fair market value of Unit 1-A, in the present circumstances, is "at best no more than 40 percent to 60 percent of its reasonable fair market value [of $1.1 million]," and that "the conduct of the defendant AMCA in deliberate refusal to carry out definitive repair is to deliberately inflict damages on the plaintiff Trust of hundreds of thousands of dollars." [*Id.* at ¶ 27]. As a result, Belize Trust asserts the following claims against AMCA: (1) injunctive relief, seeking "mandatory injunctive relief as is reasonably necessary to compel defendant AMCA and its officers to carry out definitive repair of the sewage disposal

---

[1] In this Memorandum Opinion and Order, "Defendant" only refers to AMCA, as the Individual Defendants were not parties to this action at the time of the filing of pending motions.

line serving Unit 1-A;" (2) damages for the costs of repair and remediation of the defective sewage disposal line, and for costs associated with temporary lodging, temporary repairs, and other expenses caused by the June 2014 blockage; and (3) exemplary damages for outrageous conduct. [#1].

On July 14, 2015, this court entered a Scheduling Order in this matter that set a deadline for written discovery to be served by March 31, 2016; discovery to close on May 31, 2016; and a dispositive motion deadline of May 31, 2016. [#18]. The Scheduling Order further advised the Parties that "[c]ounsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial in this case." [*Id.* at 11]. During the Scheduling Conference, this court advised the Parties of its informal discovery dispute process. [#16]. The deadlines for discovery and dispositive motions were then extended multiple times through orders granting stipulated motions. *See e.g.*, [#25; #26; #27; #32; #33]. Ultimately, the deadline for discovery was set for July 22, 2016 [#33] and then extended by Stipulation for Defendant to serve its Responses and Objections to Plaintiff's First Set of Written Discovery until July 29, 2016 [#42], and the court extended the dispositive motions deadline until August 1, 2016 [#50, #51].

On June 6, 2016, AMCA moved for summary judgment on two grounds: (1) because Plaintiff had failed to respond to requests for admission, such requests were deemed admitted; and (2) because Plaintiff had failed to designate any expert witnesses, Belize Trust could not establish the existence of essential elements of its claims to which it bore the burden of proof and, thus, AMCA was entitled to summary judgment. [#30 at 2–3]. After the filing of Defendant's Motion for Summary Judgment, the Parties stipulated to a number of extensions to the deadlines set forth in the Scheduling Order. First, the Parties stipulated to, and this court

granted, an extension of time to complete discovery until July 22, 2016. [#32; #33]. Then, the Parties stipulated to, and this court granted, an extension of time for Plaintiff to respond to Defendant's Motion for Summary Judgment. [#35; #36]. Next, the Parties stipulated to an enlargement of time for Defendant to serve its responses and objections to Plaintiff's First Set of Written Discovery Requests to July 29, 2016. [#43]. Then, the Parties stipulated to, and this court granted, an extension of time for the filing of dispositive motions. [#43; #48]. The deadline for filing of dispositive motions was then extended yet another time to August 1, 2016. [#50, #51].

On August 1, 2016, Plaintiff filed its Motion for Partial Summary Judgment, on the issue of liability. [#52]. Plaintiff contends that the undisputed facts demonstrate that the sanitary system outside of Unit 1-A is defective and, accordingly, summary judgment is appropriate as to liability. [*Id.* at 8]. Defendant disputes that Plaintiff is entitled to summary judgment, because the claims presented by Plaintiff are not "strict liability" claims, that there is no authority that a homeowners' association can be held strictly liable for the back-up of a sewage drainage system within a condominium building, and that neither Defendant's expert report nor the appraisal of an unrelated unit justifies summary judgment in favor of Plaintiff.

On August 17, 2016, Plaintiff initiated a substantially similar action against Defendants Bruce Lynton, Steve Daubenmier, and Donald Miller (collectively, "Individual Defendants"), who are identified in the operative complaint in Civil Action No. 16-cv-2078 as officers of AMCA. Defendant AMCA moved to consolidate that case with this action, and this court granted that Motion to Consolidate by Minute Order dated February 14, 2017. [#67].

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In reviewing a motion for summary judgment the court views all evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

Once the moving party demonstrates an absence of evidence supporting an essential

element of the opposing party's claims, the burden shifts to the opposing party to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. To satisfy this burden, the nonmovant must point to specific facts in an affidavit, deposition, answers to interrogatories, admissions, or other similar admissible evidence demonstrating the need for a trial. *Id.; Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992). "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252).

In addition, after giving notice and a reasonable time to respond, the court may grant summary judgment on grounds not raised by a party. Fed. R. Civ. P. 56(e).

## II.     Requests for Admission

Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36(a)(1). A matter is admitted, unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection, which is signed by the party or her attorney. Fed. R. Civ. P. 36(a)(3).

However, once a matter is admitted, the court may permit the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Subject to Rule 16(e), the court may permit withdrawal or amendment if (1) it would promote the presentation of the merits and if (2) the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action. *Id.* The prejudice contemplated by Rule 36(b) is more than simply inconvenience to the party. *See*

*Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005). Instead, "the prejudice relates to the difficulty a party may have in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.*

Because Plaintiff's Motion for Summary Judgment relies, in part, on admissions deemed admitted, the court starts with Plaintiff's Motion to Set Aside Admissions.

## ANALYSIS

### I. Plaintiff's Motion to Withdraw Admissions

On March 31, 2016, AMCA served Belize Trust with a Second Set of Written Discovery Requests, including eight separate requests for admissions. [#30; #30-2; #60 at 3]. Under the operation of Rule 36 of the Federal Rules of Civil Procedure, if a matter is not admitted, it must be specifically denied. Fed. R. Civ. P. 36(a)(4). A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).

In this case, there is no dispute that Plaintiff did not respond to the Requests for Admissions within 30 days of March 31, 2016. [#60 at 3]. Instead, on May 2, 2016, Plaintiff served objections to the Second Set of Written Discovery. [#30-3]. Those objections did not specifically respond to the Requests for Admission. [*Id.*]. Then, on May 31, 2016, Plaintiff served responses to the Requests for Admission, denying each request other than Request for Admission No. 5, which stated "[a]dmit that the Unit has not had a sewage back-up since the time of the June 2014 incident identified in Paragraph 10 of the Complaint." [#30-2 at 6, #40-10 at 3]. On August 8, 2016, Plaintiff filed a Motion of Extension of Time to respond to the

7

Requests for Admission, to extend the deadlines for responses until May 31, 2016 – the date that they were served. [#54].[2]

By operation of Rule 36(a)(3), the Requests were deemed admitted when Plaintiff failed to timely respond. *See Rapp v. Hoffman,* No. 13-cv-00908-RM-BNB, 2014 WL 5073353, at *1 (D. Colo. Oct. 9, 2014). But Rule 36(b) provides that a court may permit withdrawal of admissions when (1) it would promote the presentation of the merits of the action and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action. Fed. R. Civ. P. 36(b). In opposing the Motion to Withdraw Admissions, Defendant fails to address either prong of the test, but rather, argues that there was no good cause for Plaintiff's delay in responding. [#61 at 2].

Respectfully, good cause is not the standard under Rule 36(b). AMCA provides no reason why it would promote the presentation of the merits of this action by requiring Plaintiff to admit admissions that it did, in fact, respond to, albeit one month late. To the extent that Defendant was concerned about the late responses affecting discovery in this matter, such concern was unwarranted. Discovery was ultimately extended until July 22, 2016, and Defendant had ample opportunity to seek to re-depose representatives of Plaintiff, or propound additional written discovery, if even necessary. Indeed, while AMCA argues that it did not seek the information sought by the Requests for Admission during the depositions of representatives of Plaintiff [#61 at 2], a review of the deposition transcripts contradicts that assertion. On April 25, 2016, Leslee Francis, an occupant of Unit 1-A, was asked:

Q: And since June of 2014, have you had an event like that?

A: No. But I worry about it every single day.

---

[2] This court denied the Motion for Extension of Time for lack of good cause. [#58].

[#40-5 at 16:10–13].³  This question directly corresponds to Request for Admission No. 5.

    Similarly, Ms. Francis was asked:

    Q:    Did you have to pay for any of those [repair] expenses out of pocket?

    A:    No.

[*Id.* at 19:3–5]. This question corresponds to Request for Admission No. 2.

    Ms. Francis was also asked:

    Q:    And while those -- because of the flood and the repairs that were done, did you have to I guess be out of the unit at all while that work was being done?

    A:    Yes.

    Q:    And how long were you out of the unit?

    A:    A month.

[*Id.* at 19:6–13]. This line of questioning corresponds to Request for Admission No. 3.

    Based on the record before it, this court finds that it would promote the presentation of the merits on this matter to permit Plaintiff to withdraw its admissions to the Requests for Admission, in favor of its responses dated May 31, 2016. In addition, this court is not persuaded that it would prejudice AMCA in any way, given the fact that it had an opportunity, both before and after the admissions were responded to, to further inquire as to these same topics if necessary. As recognized by the Tenth Circuit, mere inconvenience does not constitute prejudice for the purposes of Rule 36(b). *Raiser*, 409 F.3d at 1246. Accordingly, Plaintiff's Motion to Withdraw Admissions is **GRANTED**, and the Responses to the Requests for Admissions dated May 31, 2016, are deemed operative.

---

³ In citing the deposition transcripts in the record, this court refers to the docket number assigned by the court's Electronic Court Filing ("ECF") system, but the original page and line number as reflected in the transcript.

## II.     The Parties' Motion for Summary Judgment

As discussed above, AMCA moves for summary judgment on two different grounds: (1) Plaintiff's claims are barred by its admissions; and (2) Plaintiff's failure to designate any expert witness is fatal to its case. [#30]. Because this court has granted Plaintiff's Motion to Withdraw Admissions, Defendant's first basis for summary judgment necessarily fails. Therefore, the only remaining argument is Defendant's second argument, *i.e.*, that Plaintiff cannot prevail on its claims without an expert. Defendant contends that Plaintiff cannot establish liability for a faulty or defective plumbing system without an expert, and Defendant therefore is entitled to summary judgment in its favor. [#30 at 7].

On its part, in response to Defendant's Motion for Summary Judgment and in support of its own, Plaintiff contends that it is entitled to summary judgment based on the expert opinion of Defendant's expert, Michael C. Higgins. [#38 at 2; #52]. Specifically, Plaintiff points to Mr. Higgins' statement that there is an obstruction in the sewer discharge system and that water can pass through the obstruction; however, in saying such, Mr. Higgins must be admitting that the system cannot discharge other materials through the obstruction. [#38 at 2; #52 at 4–5].

Though not raised by either party, a more fundamental issue precludes the court from granting summary judgment for either party: it is entirely unclear what cause of action Plaintiff asserts and whether such cause of action is cognizable. In the Complaint, Plaintiff articulates requests for relief as its claims: (1) injunctive relief; (2) damages; and (3) punitive damages. The Complaint identifies a "Notice of Potential Determination of Foreign Law," and refers to a "Settlement," but does not identify any contract allegedly breached by Defendant. [#1]. The Complaint also does not identify any tort that gives rise to strict liability on the part of Defendant, nor does it identify any allegations of negligence. [*Id.*]. Nor does the Civil Cover

Sheet elucidate the basis for Plaintiff's cause of action. [#1-1]. While it identifies diversity as the basis for this court's subject matter jurisdiction, it identifies as "All Other Real Property" as the Nature of the Suit. [*Id.*]. It does not identify a contract, or a tort of damage to personal property. [*Id.*]. In the brief descript of the cause of action, Plaintiff simply says "[d]amages resulting from failure to repair blockage in sewer discharge service from condominium unit." [*Id.*]. The Scheduling Order also does not precisely identify a cause of action. The court had assumed that Plaintiff was proceeding under a breach of contract theory based on the following statement:

> The Complex is governed by a Condominium Declaration and Bylaws, and those documents establish that the common area of the Complex is owned by the Owners as tenants-in-common, and that the responsibility for the maintenance and repair of all of the common elements of the Complex is a duty of Defendant AMCA, to be discharged through its officers.

[#18 at 2], but neither party moves for summary judgment on that theory.

In the proposed Final Pretrial Order, Plaintiff asserts that its claim "sounds in an intentional act for which there is strict liability, not merely negligence," and again refers to the Condominium Declaration and Bylaws, but fails to identify what specific authority upon which Plaintiff's claims for relief are grounded. [#53]. And in its Motion for Summary Judgment, Plaintiff cites to law implicating strict liability in products liability cases, *see* [#52 at 8], and goes on to cite cases regarding the discharge of contaminated waste water under the Clean Water Act, both of which appear inapplicable to AMCA. [#52 at 8–9]. Finally, to the extent that Plaintiff asserts a cause of action for trespass under Colorado law, it is not immediately evident to this court that trespass is the underlying claim; there is no mention of trespass or the elements of trespass in the Complaint, Scheduling Order, proposed Final Pretrial Order, or motions for summary judgment. Nor is it entirely clear that such a cause of action is viable against AMCA.

Trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate. *Plotkin v. Club Valencia Condo. Ass'n, Inc.*, 717 P.2d 1027, 1027 (Colo. App. 1986) (citing CJI–Civ.2d. 18:1 (1980); *United States v. Osterlund*, 505 F.Supp. 165 (D. Colo. 1981), *aff'd*, 671 F.2d 1267 (10th Cir. 1982); Restatement (Second) of Torts, §§ 158)). Plaintiff's Complaint filed in Case No. 16-cv-2078-KMT also does not clarify the legal basis for Plaintiff's case against AMCA or the Individual Defendants.

Both Parties are represented in this matter, and AMCA did not file a motion to dismiss under Rule 8(a), Rule 12(b)(6), or Rule 12(c) of the Federal Rules of Civil Procedure, and this court was loath to intervene and be perceived as acting as any party's advocate. But this court cannot determine whether an expert is needed to support Plaintiff's claim, because the court cannot even precisely ascertain what claim is asserted. And for that same reason, Plaintiff cannot carry its summary judgment burden. Rule 56.1 of the Local Rules of Civil Practice require a summary judgment motion to cite pertinent legal authority, and neither of the Parties address the fundamental issue of what cause of action is asserted by Plaintiff. D.C.COLO.LCivR 56.1(a).

Under Rule 56(f), a court may grant summary judgment on its own, independent of a motion, after giving notice and a reasonable time to respond. Accordingly, this court **DENIES** Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment on the issue of liability, and **ORDERS** Plaintiff to show cause no later than **March 8, 2017**, as to why summary judgment should not be granted against it and in favor of all Defendants, including AMCA and the Individual Defendants, for failure to state a cognizable claim.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment [#30] is **DENIED** without prejudice;

(2) Plaintiff's Motion for Partial Summary Judgment on Issue of Liability (Fed. R. Civ. P. Rule 56) [#52] is **DENIED** without prejudice;

(3) Plaintiff's Motion for Withdrawal of Deemed Admission as to Defendant's Second Written Discovery Request (Fed. R. Civ. P. Rule 36(b)) [#60] is **GRANTED**; and

(4) Plaintiff will **SHOW CAUSE** as to why this action should not be dismissed for failure to state a cognizable claim against any of the Defendants AMCA, Lynton, Daubenmier, or Miller no later than **March 8, 2017**.

DATED: February 15, 2017

BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge