IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-00945-NYW

J. LEE BROWNING BELIZE TRUST,

    Plaintiff,

v.

ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC., a Colorado Not-For-Profit Corporation,
BRUCE LYNTON,
STEVE DAUBENMIER, and
DONALD MILLER,

    Defendants.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLAIMS AGAINST BOARD OF DIRECTORS DEFENDANTS**

Defendants, Bruce Lynton, Steve Daubenmier, and Don Miller (incorrectly identified by Plaintiff as "Donald Miller"), by and through their Counsel, pursuant to Fed. R. Civ. P. 56, hereby file this Motion for Partial Summary Judgment, and in support thereof, state as follows:

**CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1**

Counsel for Defendants has conferred with counsel for Plaintiff regarding this motion. Counsel for Plaintiff objects to the relief requested herein.

**PROCEDURAL BACKGROUND**

This action was commenced on May 4, 2015, and involves Plaintiff's claims arising out of an alleged plumbing line back-up that occurred on June 7, 2014 in a condominium unit allegedly owned by Plaintiff in the Aspen Mountain Condominiums. Specifically, Plaintiff alleges that in June 2014, part of the drainage disposal line running from the unit owned by Plaintiff (Unit 1-A) became blocked at a point on the line lying outside the physical boundaries

of Unit 1-A, and within the common elements of the Aspen Mountain Condominiums property. *See* Plaintiff's Complaint [ECF Document 1] at ¶10.

Plaintiff further alleges that Defendant, the Aspen Mountain Condominium Association (hereafter "AMCA" or "Association"), which is the homeowner's association for the condominium complex, has refused to make "definitive repair" of the sewage disposal line, which Plaintiff alleges "will require replacement of deteriorated sewage pipe and probable straightening or lessening of a 90 degree turn in the sewage disposal line." *See* Plaintiff's Complaint at ¶ 16.  As a result, Plaintiff alleges that real estate brokers in the Aspen area will not list the property for sale because of the "sewer defect," resulting in loss of market value to Unit 1-A.  *See id.* at ¶¶ 15, 24-26.

On June 6, 2016, Defendant filed a Motion for Summary Judgment, on two grounds. First, Plaintiff had admitted certain matters by failure to respond to requests for admission, and the resulting admissions would bar Plaintiff's claims.  *See generally* Defendant's Motion for Summary Judgment [ECF Document No. 30] and Defendant's Reply in Support of Motion for Summary Judgment [ECF Document No. 49].  Second, Plaintiff did not designate any expert witnesses in this matter, and the time for expert designations had long since passed.  Because Plaintiff will require expert testimony in order to prove its claims at trial, Plaintiff cannot establish the existence of elements essential to its case and on which Plaintiff will bear the burden of proof at trial.  *See id.*  The Court has delayed ruling on that Motion, and ordered Plaintiff to show cause why all of its claims should not be dismissed failure to state a cognizable claim against any of the Defendants.  *See* ECF Document No. 68 at p. 13.

On August 12, 2016, a Motions Hearing and Final Pretrial Conference was held with the

Court. At the Conference, counsel for Plaintiff stated that he had "learned yesterday" that Bruce Lynton, one of the members of the Board of Directors of AMCA, had contacted Roto-Rooter, and prevented Roto-Rooter from completing "remedial work" at the subject property. *See* Transcript of Motions Hearing and Final Pretrial Conference of August 12, 2016, attached hereto as Exhibit A, at p. 5, l. 18 - p. 6, l. 15. This, however, is inaccurate, as Mr. Allen had been sending emails to undersigned counsel regarding this alleged interference with Roto-Rooter since March 2015, as discussed in more detail below.

In any event, on August 17, 2016, Plaintiff filed a new action, Civil Action No. 1:16-cv-02078-KMT, bringing claims against the individual members of the Board of Directors of AMCA, Bruce Lynton, Steve Daubenmier, and Don Miller (hereafter referred to as "Board of Directors Defendants") for their ostensible "interference" with Roto-Rooter's remedial work. In almost all respects, the Complaint filed on August 17, 2016 is identical to the Complaint filed in this action, with the only substantive differences being the addition of several factual allegations regarding the Board of Directors members' interference with work to be performed by Roto-Rooter, and a new cause of action for breach of fiduciary duty. The other factual allegations and causes of action raised in the Complaint against the Board of Directors Defendants are virtually identical to those raised in the initial matter.

Consequently, the Court has ordered consolidation of former Civil Action No. 1:16-cv-02078-KMT into this action, for all purposes. Defendants Bruce Lynton, Steve Daubenmier, and Don Miller now move for summary judgment on all claims asserted against them, on the basis that these claims are precluded by the doctrine prohibiting claim splitting. In the alternative, the Board of Directors Defendants request that summary judgment be entered in their favor, for the

same reasons identified in Defendant Aspen Mountain Condominium Association's Motion for Summary Judgment [ECF Document No. 30], on the basis that Plaintiff has not designated any expert, which will be necessary for Plaintiff in order for it to prevail on its claims against either set of Defendants.

## ARGUMENT

A brief review of the Complaints filed in this action and the August 2016 action reveals that action against the Board of Directors Defendants is based upon virtually identical factual allegations raised in Plaintiff's initial action against AMCA.  These allegations include claims that there was a flooding event in June 2014 at the subject condominium unit, and that Defendants allegedly failed to take proper remedial action as a result.  Discovery on all of these issues has already been completed in this action, and the deadline to complete discovery has long since passed.

Plaintiff is seeking identical relief in the two actions (injunctive relief and damages), with the only new cause of action alleging "breach of fiduciary duty" against the Board of Directors Defendants.  The two Complaints contain many word-for-word factual allegations regarding the June 2014 back-up, the aftermath thereof, and Plaintiff's alleged damages in the form of being unable to sell the property in its present condition.  Consequently, Plaintiff's claims against the Board of Directors Defendants should be dismissed pursuant to the "claim splitting" doctrine.

The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.  *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).   While a final judgment is necessary for traditional claim preclusion analysis, it is not required for the purposes of the doctrine against claim splitting.  *See id*.  Thus, a claim

splitting analysis does not fall within a conventional "res judicata" analysis. *See id*. at 1218. Rather, the question is, generally speaking, assuming the first suit was final, whether it would preclude the second suit. *See id*.

Consequently, the key issue here is whether the claims are so similar that they "should be treated as the same for purposes of a bar to sequential actions against the same party." *See Harper v. Stephanokos*, Civil Action No. 14-cv-02984-KLM, 2016 U.S. Dist. LEXIS 10843, at *15 (D. Colo. Jan. 29, 2016) (citing *Matter of Greene*, 302 P.3d 690 (Colo. 2013)).  A parties' "claim" is defined "so as to embrace all remedial rights of a plaintiff against a defendant growing out of the relevant transaction or series of connected transactions." *See id*.  One of the main factors to consider is whether the subsequent proceeding will involve "substantially interrelated proof" as the initial proceeding.  *See id*.

In these regards, it is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights we would have otherwise enjoyed.  *See Katz, 655 F.3d* at 1219 n. 5 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002).  Thus, a district court may apply the rule against claim-splitting when a party files two identical, or nearly identical, complaints to get around a procedural rule, such as the deadline to amend pleadings/join parties.  *See Wyles v. Sussman*, 661 Fed. Appx. 548, 2016 U.S. App. LEXIS 16720, *5-6 (10th Cir. 2016) (Unpublished) (citing *Hartsel*, 296 F.3d. at 990).

Importantly, "claim preclusion (and therefore claim-splitting) extends to claims that could have been brought in the prior proceeding," but which were not.  *See Harbinger Capital LLC v. Ergen*, 103 F. Supp. 3d 1251, 1262 (D. Colo. 2015) (parenthetical in original).  Consequently,

5

claim splitting also applies to claims that a plaintiff may have brought against a defendant who is in privity with the initial defendant.  *See Harper v. Stephanokos*, Civil Action No. 14-cv-02984-KLM, 2016 U.S. Dist. LEXIS 10843, at *15 (D. Colo. Jan. 29, 2016).   In this regard, Courts will generally find privity "between board members and the organization the board directs." *Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259, 1271 (D. Colo. 2015).

Under the circumstances presented here, Plaintiff's claims against the Board of Directors Defendants are barred by the doctrine prohibiting claim splitting.  The claims against the Board of Directors Defendants, like the claims against the AMCA, all arise out of the alleged June 7, 2014 drainage line backup and Defendants' ostensible failure to remedy the cause of the backup.  The same claims for damages are being made against the two sets of Defendants.  In this regard, it should be noted that Plaintiff's "Prayer for Relief" paragraphs in the two Complaints are virtually identical, and request the same relief.

The only substantive difference in the two Complaints is that in the claims against the Board of Directors Defendants, Plaintiff is claiming that these Defendants "prevented" Roto-Rooter plumbing from performing remedial service with regard to the subject drainage line.  First, however, these allegations all arise from the same transaction, i.e., the purported drainage line backup in June 2014, for the purposes of the claim-splitting doctrine.  Second, the allegations could have been brought in Plaintiff's initial Complaint [ECF Doc. No. 1] in 2015, but were not.

In this regard, it should be noted that despite Plaintiff's counsel's statements to the contrary at the August 12, 2016 Conference with the Court, Plaintiff and Plaintiff's counsel knew of the alleged "interference" by Defendants with Roto-Rooter's work well before the time this

action was filed. *See* email from Plaintiff's Counsel to undersigned Counsel dated February 18, 2016 (containing discussion of the purported "interference" in email exchange of August 18, 2014), attached hereto as Exhibit B; *see also* email from Plaintiff's counsel March 4, 2015, attached hereto as Exhibit C, and email from Plaintiff's Counsel dated March 2, 2015, attached hereto as Exhibit D.[1] In reality, the new litigation appears to be nothing more than an attempt to avoid the consequences of Plaintiff's failure to designate an expert in this action and the consequences thereof (including the pending Motion for Summary Judgment filed by Defendant). This is especially true because Plaintiff knew of the alleged conduct by Defendants in the second action at the time this action was filed.

Consequently, because the rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit, Plaintiff's claims against the Board of Directors Defendants should be dismissed. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). The allegations against the Board of Directors Defendants could have been brought in the prior proceeding, but were not. *See Harbinger Capital LLC v. Ergen*, 103 F. Supp. 3d 1251, 1262 (D. Colo. 2015). Plaintiff should not be permitted to file two nearly identical Complaints to get around a procedural rule (in this case, failure to designate any expert witnesses and failure to timely amend/join parties), which should result in the dismissal of Plaintiff's claims. *See Wyles v. Sussman*, 661 Fed. Appx. 548, 2016 U.S. App. LEXIS 16720, *5-6 (10th Cir. 2016) (Unpublished) (citing *Hartsel*, 296 F.3d. at 990). Therefore, because the

---

[1] Additionally, Robert Francis, the purported "protector" of the J. Lee Browning Belize trust, testified regarding Mssrs. Lynton, Miller, and Daubenmier's alleged "interference" with Roto-Rooter's work at his deposition occurring on April 27, 2016, months before the August 12, 2016 conference with the Court. *See* Deposition Transcript, attached hereto as Exhibit E, at p. 24, ll. 10-25.

Board of Directors Defendants are in privity with the AMCA, the rule against claim-splitting should result in the dismissal of Plaintiff's actions against the Board of Directors Defendants. *See Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259, 1271 (D. Colo. 2015).

## CONCLUSION

WHEREFORE, for the reasons identified above, Defendants, Bruce Lynton, Steve Daubenmier, and Don Miller respectfully request that this Court enter summary judgment in their favor as to Plaintiff's claims against them, and for such other and further relief as the nature of their cause requires.

Respectfully submitted this 26th day of April, 2017.

**YOUNGE & HOCKENSMITH, P.C.**
*/s/ Benjamin M. Wegener, Original signature on file in the Law Offices of Younge & Hockensmith, P.C.*

By      /s/ Benjamin M. Wegener
Benjamin M. Wegener, Esq. (36952)
743 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2645
Fax: (970) 241-5719
ben@youngelaw.com

By      /s/ Richard E. Lane
Richard Lane, Esq. (39722)
743 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2645
Fax: (970) 241-5719
richard@youngelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLAIMS AGAINST BOARD OF DIRECTORS DEFENDANTS** was served on this 26th day of April, 2017, by the CM/ECF system upon the following:

George M. Allen
206-A Society Drive
Telluride CO 81435
yxgeo@yahoo.com

                */s/ Tina Burke*, *Original Signature on file in the Law Offices of Younge & Hockensmith, P.C.*