*J. Lee Browning Belize Trust vs.*

*Aspen Mountain Condominium Association, Inc.*

---

*Motion Hearing and Final Pretrial Conference*

*August 12, 2016*

---



700 17th Street, Suite 1750
Denver, CO 80202
303-988-8470 (Office)   303-988-8478 (Fax)
SKReporting.com

Stevens-Koenig
Reporting

**EXHIBIT**

tabbies

A

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF COLORADO

3    Case No. 15-cv-00945-NYW

4    _____

5    J. LEE BROWNING BELIZE TRUST,

6         Plaintiffs,

7    vs.

8    ASPEN MOUNTAIN CONDOMINIUM ASSOCIATION, INC.

9         Defendants.

10   _____

11        Proceedings before KATHLEEN M. TAFOYA, United States

12   Magistrate Judge, United States District Court for the

13   District of Colorado, commencing at 8:30 a.m., August 12,

14   2016, in the United States Courthouse, Denver, Colorado.

15   _____

16        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE

17   HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18   _____

19                      APPEARANCES

20        George M. Allen, Attorney at Law, appearing for the

21   plaintiffs.

22        Benjamin Wegener, Attorney at Law, appearing for the

23   defendants.

24   _____

25        MOTION HEARING AND FINAL PRETIAL CONFERENCE

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 2

```
 1                        PROCEEDINGS
 2            (Whereupon, the within electronically recorded
 3  proceedings are herein transcribed, pursuant to order of
 4  counsel.)
 5            THE CLERK:     All rise.  Court is now in
 6  session.
 7            THE COURT:     Thank you.  Please be seated.  We
 8  are here in 15-cv-945-NYW, J. Lee Browning Belize Trust
 9  versus Aspen Mountain Condominium Association, Inc.  Can I
10  have appearances of counsel, please?
11            MR. ALLEN:     (Inaudible) if it pleases the
12  Court, George M. Allen, on behalf of the plaintiffs.
13            THE COURT:     Good morning Mr. Allen.
14            MR. ALLEN:     Good morning.
15            MR. WEGENER:   And Your Honor, Benjamin Wegener,
16  on behalf of the defendants.
17            THE COURT:     Good Morning Mr. Wegener.
18            MR. WEGENER:   Good Morning.
19            THE COURT:     All right.  We are here for a
20  final pretrial conference and a motions hearing on the
21  pending motion for summary judgment filed by the
22  defendants.  There is a pending motion for extension of
23  time with respect to the request for production, and I also
24  note for the record that the defend -- or the plaintiffs --
25  have moved for partial summary judgment as well.  You all
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 3

1  were to -- we scheduled this this morning because you were

2  going to participate in a mediation yesterday, and I'm

3  assuming that you all did not settle or you would not be

4  here.

5          MR. ALLEN:    Your Honor, that's accurate, but

6  after Mr. Wegener and the representative of the insurance

7  carrier left Justice Neighbors' offices --

8          THE COURT:    Mm-hum.

9          MR. ALLEN:    -- we -- my clients, the trustee

10  and protector of the trust were both there -- we made

11  another proposal, a variation on an earlier proposal, and I

12  understand from speaking with Mr. Wegener this morning that

13  he is still waiting to hear back from his principals --

14  that is, the officers of the association -- with regard to

15  that concept.

16          THE COURT:    All right.

17          MR. ALLEN:    So I -- first of all, I try to

18  never say never, and I do think that there is a chance that

19  we can get this worked out.

20          THE COURT:    All right, Mr. Wegener, do you

21  want to comment on that?  Obviously, I don't want to hear

22  anything about the substance of the discussions or the

23  settlement because I am the presiding judge.

24          MR. WEGENER:    Oh sure, it -- it -- because it

25  was a settlement offer I did pass it on, and Mr. Allen was

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 4

1  correct that it was a variation of a prior offer that was

2  made.  It's -- it's hard to say what's going to happen.  I

3  -- I talked to them a little bit yesterday.  They were

4  going to talk today, and that's about all I can really get

5  into. I know they were interested to see how the pending

6  motions played out as well and things like that, so I --

7  that's about all I can say at this point in time.

8              THE COURT:     Okay.

9              MR. WEGENER:    I'm just not sure.

10             THE COURT:     So it doesn't sound to me that we

11  are anywhere close, honestly, to deferring argument with

12  respect to the motion for summary judgment or considering

13  the final pretrial order, although I may defer entering the

14  final pretrial order until I actually -- well, we might,

15  let me -- let me hear from you all with respect to the

16  motion for summary judgment.  I know there's a motion for

17  partial summary judgment.  The way I see it right now is

18  that we need to get through the motion that the defendants

19  filed first in order to reach the motion that the plaintiff

20  has filed because the defendants' arguments and, Mr.

21  Wegener, you will tell me if I'm misapprehending this --

22  are really based on facts that become undisputed because of

23  the plaintiffs' failure to do certain things.  For

24  instance, the failure to respond to request for admissions

25  and the failure to designate a liability expert.  Is that

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 5

 1  correct?

 2          MR. WEGENER:    That is.  Those are the two basic

 3  tenets, yes.

 4          THE COURT:    All right.  So, Mr. Allen, let me

 5  ask you this before we proceed to the motion and then we'll

 6  get to the final pretrial order.  Do you -- well, do you

 7  think that you will need argument with respect to the

 8  motion for partial summary judgment if the defendant does

 9  not prevail on his motion for summary judgment?

10          MR. ALLEN:    Honestly, Your Honor, I do.  I

11  have -- I know that they have filed a response to it just

12  in the past couple of days because I was devoting most of

13  my effort to getting ready for mediation yesterday.  All I

14  have done is skim that.  I haven't ready it closely.  I

15  need to tell Your Honor two other things that --

16          THE COURT:    Okay.

17          MR. ALLEN:      -- are certainly going to happen.

18  I learned yesterday from my clients -- and they've been

19  through a tough time.  Bob Francis had a really serious

20  coronary in February and he's just now getting back to

21  fully functional.  Judy Francis has been the person who has

22  been taking care of him.  What I learned yesterday was that

23  on August 19, 2014, Mr. Linton, who is one of the

24  directors, contacted Roto-Rooter -- contacted the principal

25  in Roto-Rooter, which is a Glenwood Springs full-service

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 6

1   plumbing company -- and told them that they were not to

2   come back to the property.  They had been there the

3   preceding day, and in fact, several preceding days, working

4   up what was going to be needed to do a fix.  The Francis'

5   had con -- had entered into a contract with Roto-Rooter to

6   pay them and had told Roto-Rooter that the Francis' or the

7   Belize Trust, more accurately, would pay Roto-Rooter, and

8   that Roto-Rooter did not need to be paid by the

9   association.  That was known to Roto-Rooter and it was

10  known to the association officers.  Notwithstanding that,

11  Mr. Linton told Roto-Rooter, I understand from Mrs.

12  Francis, that Roto-Rooter was not to come on the property

13  and that the association would not pay Roto-Rooter.  At

14  that point, Roto-Rooter backed off.  And I don't blame

15  them.  Why would any Glenwood Springs plumbing firm that

16  has abundant work to do want to get in the middle of a

17  fight like this one?  That compels me, because the statute

18  of limitations for tortious interference is going to expire

19  in a few days, to file suit against Mr. Linton at least and

20  possibly the other directors, who are not parties to this

21  litigation, for tortious interference and to get some sort

22  of help to get us to a point that we can actually develop

23  this case -- this case, or if it -- this case -- is

24  dismissed, that -- the new case -- properly.  One of the

25  reasons we don't have an expert witness -- well, first of

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 7

1  all, I don't think we need one.  I think Mr. Higgins'

2  report establishes our case -- but going beyond that, the

3  obvious logical plumbing expert would be the guys who have

4  actually worked this problem.  That's Roto-Rooter.  And I -

5  - it -- the summary judgment motion before you

6  -- and I don't want to put the cart before the horse -- but

7  the defendants' summary judgment motion is based mainly on

8  procedural points.  We have a motion on file to ask the

9  Court to make the effective date for response to the

10  written discovery the date that it was filed, which is May

11  31.  On that date we did properly deny the request for

12  admissions, but please do bear in mind that a month earlier

13  I had filed an objection to all of the written discovery,

14  and at that time I was navigating without guidance from a

15  client because the trustee of the trust and Mr. Francis,

16  who is the protector, which is a position established by

17  Belize law, and which, as I read the Belize Trust Act,

18  effectively makes him something like a co-trustee.  Both of

19  them were -- were really not able to be much help to me.

20  Mr. Francis was under directive from his doctors not to

21  spend time on this.  He did go to a deposition against

22  medical advice, but the posture that we're in right now is

23  largely a function of Mr. Francis' coronary and his

24  recovery from it.  And I've seen him every couple of weeks

25  continuously since then, and -- but until the last two or

J. Lee Browning Belize Trust vs.                    Motion Hearing and Final Pretrial Conference
Aspen Mountain Condominium Association, Inc.                              August 12, 2016

Page 8

1  three weeks, he hasn't been able to be much help.

2           THE COURT:     So, Mr. Allen, why didn't you file

3  a motion for extension of time or a motion to stay at that

4  point?

5           MR. ALLEN:     Your Honor, I regret that I did

6  not.  I -- I was slammed.  It would have obviously been the

7  better practice if in the middle of April I had, or prior

8  to the expiration of the response time, had done that --

9  that would have been the middle of April.  The response

10 deadline was May 2nd, and obviously the better course would

11 have been to file a motion for extension, which I believe

12 would have been readily granted given the health

13 circumstances.  I do now have a motion for extension.  It's

14 a 6(b)2 motion rather than a 6(b)1 motion, but I think the

15 fact that it's a (b)2 motion notwithstanding, it's a

16 meritorious motion and I honestly believe it should be

17 granted.

18          THE COURT:     All right.

19          MR. ALLEN:     And it -- it states good cause for

20 the delay, namely the health crisis involving Mr. Francis,

21 and also good cause for excusable neglect, which is that he

22 was not readily available.

23          THE COURT:     All right.  So, I want to talk

24 about the motion for summary judgment and I don't want -- I

25 -- I have another setting also at, I believe --

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 9

 1              MR. ALLEN:      Thank you.

 2              THE COURT:      -- 9:30 today?  Is that right?  My

 3    next hearing is at 9:30?

 4              THE CLERK:      (Inaudible) 9:00.

 5              THE COURT:      9:00.  Okay.  And it sounds to me

 6    like there are a lot of moving parts to this case so I'm

 7    going to actually reset the final pretrial conference in

 8    this case for later so that we can focus on the motion for

 9    summary judgment that's outstanding and some of the issues

10    that are raised in the final pretrial order that I think

11    might help me get a grasp of how to proceed in the case.

12    To the extent that we are going to reset the final pretrial

13    conference, I know that you are here and that you aren't

14    located in Denver so we can do that either by

15    videoconference and have you video into the courthouse, or

16    we can do it by telephonic conference, but we'll push off

17    the final pretrial conference and enter in the final

18    pretrial order, and set a -- we'll push off setting a trial

19    date in this matter so that we can sort out of some of

20    these preliminary issues.  All right.  So, Mr. Wegener, let

21    me ask you this.  Rule 36 that covers the rule for the

22    request for admissions essentially says that if request for

23    admissions are not filed within 30 days they are deemed

24    admitted.  But it also has this provision that allows for

25    withdrawing or amending an admission.  And so why aren't

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 10

1  Mr. Allen's and the plaintiffs' late responses, while not

2  styled this way, simply a -- a request to amend or withdraw

3  the admissions and re-, replace (inaudible) responses, and

4  tell me how the fact that you were able to go on in

5  discovery and take -- take depositions of these

6  individuals.  Tell me how the failure to, admit or deny

7  would, in the context of the request for admissions,

8  prejudice your client?

9          MR. WEGENER:  Your Honor, first of all, with

10  respect to your first question, I'm not exactly sure how to

11  say this but Rule 36 has provided a mechanism for a

12  withdrawal or an amendment of the entire admission.  Mr.

13  Allen, for months, has said he was going to file that

14  motion and just -- I think last week -- filed the Rule 6

15  motion --

16          THE COURT:    Right.

17          MR. WEGENER:    -- which still isn't the proper

18  format or the proper mechanism to do that, so I don't know

19  if he still has a proper motion on -- but even assuming if

20  we are going to treat it as such --

21          THE COURT:    Mm-hum.

22          MR. WEGENER:    -- I believe it's late and -- and

23  we're now at the end of discovery and it would have been

24  nice to follow up on some things, or be able to have a

25  chance to follow up, that's what we're really talking about

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 11

1    is what prejudice we have there.  Well, first of all, the

2    big admission -- the request for admission -- is what -- is

3    there any loss to the market value of the property, which

4    is the claim that they're making -- which if you read the

5    depos I feel like I never asked anybody.

6              THE COURT:    But you could have asked them.

7              MR. WEGENER:    I -- I could have but I wanted to

8    rely on request for admissions, to tell you the truth, and

9    that was for (inaudible) and now I don't have anything.

10             THE COURT:    When did you take this deposition?

11             MR. WEGENER:    I took those depositions in -- at

12   the end of April.

13             THE COURT:    Okay, and --

14             MR. WEGENER:    And the responses were due May

15   2nd.

16             THE COURT:    Mm-hum.

17             MR. WEGENER:    And the trustee, which is Mrs.

18   Francis, basically said in her deposition that, you know,

19   she relies on her husband for all this, who is the

20   "protector of the trust," although I've never seen any

21   documents or -- nor have any documents ever been produced

22   that say that, but irrespective of that, she's the one who

23   is responsible for the request for admissions or she should

24   have been writing the responses and they never got -- they

25   never got answered.  She never did anything.  And --

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 12

```
 1              THE COURT:     On their --
 2              MR. WEGENER:    -- discovery closed and -- and at
 3   some point in time I'm -- I'm entitled to rely on my
 4   written discovery.  I don't have to.  I don't feel like I
 5   should be -- or my client should bear the expense of having
 6   to take multiple depositions and ongoing depositions to
 7   find something out.  The written discovery really addresses
 8   --
 9              THE COURT:     All right.
10              MR. WEGENER:    -- or should address.
11              THE COURT:     So let me refocus you a little
12   bit.  Responses were served on or about May 31st, is that
13   right?
14              MR. WEGENER:    That's right.
15              THE COURT:     And did those responses respond to
16   their inquiries?
17              MR. WEGENER:    They did.  Deny -- they just
18   denied them.
19              THE COURT:     Okay.  And at any time did you
20   seek to reopen the depositions of either of the -- either
21   of the protector or the trustee?
22              MR. WEGENER:    No.  At the time that those were
23   filed that was the last day of discovery.
24              THE COURT:     Mm-hum.
25              MR. WEGENER:    That -- I mean, at the time.
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 13

1        THE COURT:      Mm-hum.  Okay.

2        MR. WEGENER:    But frankly, while I appreciate

3  sort of the procedural discovery issues that those raise, I

4  think the bigger tenet of the motion for summary judgment

5  is the -- the expert issue.

6        THE COURT:      Right.  Well, so that's, I think

7  that's actually the bigger issue too.  I'll be honest with

8  you, the -- the motion with respect to the request for

9  admissions, what I'm struggling with is it seems a little

10 bit like a "gotcha" and courts don't typically like to

11 grant judgment in the favor of one party or another based

12 on procedural failings.  Now, Mr. Allen, I have to tell you

13 that, you know, you've been an attorney for a long time and

14 so I'm also struggling with the fact that there wasn't a

15 request for either a stay or a request for extension.  This

16 Rule 6(b) motion is not -- I'm going to deny it because

17 it's not the appropriate vehicle.  The Rule 6 motion would

18 have to come before the deadline or closely thereafter, and

19 so I don't see any good cause, actually, to grant a Rule

20 6(b) motion for extension of time.  Now, if you want to

21 file a Rule 636(b) motion, which would have the effect of

22 withdrawing or amending the admissions, I think that's what

23 you would do and that it would contain very much the same

24 arguments you have contained in the Rule 6 motion.

25       MR. ALLEN:      I'm -- I'm happy to do that, Your

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 14

1   Honor.

2          THE COURT:    But I'm going to -- I am going to

3   deny the Rule 6 motion because I -- I don't think that

4   there is good cause to grant it.  So, let's talk, though,

5   about this expert issue, because I do think that this

6   expert issue --

7          MR. ALLEN:    Your Honor, I -- I cannot hear you

8   when you don't speak into the microphone.

9          THE COURT:    Oh, I'm sorry.

10          MR. ALLEN:    I apologize.

11          THE COURT:    So let's talk about this Rule --

12   the -- the expert issue, because I do think that that is a

13   bigger issue in this case.  So the way I see it is at some

14   point the plaintiff had an affirmative expert deadline.  An

15   affirmative expert was not designated.  Then there was a

16   rebuttal deadline -- deadline, and the defendant identified

17   -- did the -- did defendant identify their expert with the

18   affirmative date?

19          MR. WEGENER:    Yes.

20          THE COURT:    Okay.

21          MR. WEGENER:    So -- so what happened was I

22   identified Mr. Higgins --

23          THE COURT:    Okay.

24          MR. WEGENER:    -- at the first date for expert

25   disclosures and we didn't even get a rebuttal expert.

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 15

1           THE COURT:    Okay.  And so that issue seems to

2    turn on the issue of whether -- well, let me back up.  I'm

3    assuming that the designation of Mr. Higgins came, that the

4    deadline for the designation of rebuttal experts came, and

5    no designations either of specially-retained rebuttal

6    experts or a summary of non-retained experts providing

7    expert testimony in the scope of their percipient

8    knowledge, essentially were designated, is that correct?

9           MR. WEGENER:    That is correct, yeah.

10           THE COURT:    Okay.  And so, I guess what I

11    really need to understand, Mr. Allen, is what your position

12    is and I've -- I've read your response, so is there

13    anything else you want to add to your response that you

14    want the court to consider regarding whether or not the --

15    it's necessary to have some sort of expert testimony,

16    because I don't know -- I mean, if there's going to -- if

17    there are going to be plumbers talking about the angles of

18    pipes or where the -- where there was an obstruction and

19    what caused the obstruction.  It doesn't seem to me that

20    the plaintiffs are in any position to provide that kind of

21    testimony?

22           MR. ALLEN:    Well, with due respect, I think

23    that we have three witnesses, all of whom have been

24    deposed, who can say and have said in their depositions and

25    we have said in designating them, how this -- how the

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 16

1  primary cause occurred and where it is.  Then let me talk

2  for a moment about what kind of plumbing we're talking

3  about here.

4          THE COURT:     Okay.

5          MR. ALLEN:     This is a three-story building.

6          THE COURT:     Mm-hum.

7          MR. ALLEN:     Unit 1a is on the end.  It's

8  beneath Unit 2a and Unit 3a.

9          THE COURT:     Mm-hum.

10         MR. ALLEN:     The drains from those units come

11 down in a vertical stack --

12         THE COURT:     Mm-hum.

13         MR. ALLEN:     -- through 1a and ultimately they

14 reach the sewer line.  But they are 2-inch drains.  They

15 are not the sewer line.

16         THE COURT:     Mm-hum.

17         MR. ALLEN:     Below Unit 1a, where Rooto --where

18 Roto-Rooter was trying to go, this 2-inch line has a 90-

19 degree turn.

20         THE COURT:     Mm-hum.

21         MR. ALLEN:     The -- both Bob Francis, Judy

22 Francis, their daughter, Leslie Francis -- can all testify

23 to that.  That 2-inch turn is in all like -- and that's in

24 the common elements of the complex.  It's an undivided

25 common element.

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 17

1          THE COURT:    Mm-hum.

2          MR. ALLEN:    The condominium owner owns

3  essentially the area inside the paint --

4          THE COURT:    Mm-hum.

5          MR. ALLEN:    -- and this is below the subfloor

6  -- below a concrete subfloor.

7          THE COURT:    Mm-hum.

8          MR. ALLEN:    Our witness designated Mr. --

9  number 21, Mr. Strickland, who is a contractor, who tried

10  to get something of a workup of what it would cost to

11  access this problem.

12         THE COURT:    Mm-hum.

13         MR. ALLEN:    Mr. Higgins did not inspect this

14  2-inch drain system.

15         THE COURT:    Mm-hum.

16         MR. ALLEN:    Rather than try to have the guys

17  he engaged, AMM Mechanical, a local firm that could do

18  video inspection of a line, he inspected only the either 3-

19  or 4-inch main sewer line and found an obstruction in it.

20  His report says that notwithstanding the obstruction in the

21  main sewer line, which had had roots growing into it from

22  where a neoprene gasket is out of place, so there was not a

23  seal on it --

24         THE COURT:    Mm-hum.

25         MR. ALLEN:    -- and that may have been there

1  for quite a long time, that the neoprene gasket protrudes

2  into the line at the top and his report says that

3  notwithstanding that water would pass.  Well, of course,

4  passing water is not our issue.  Our issue is whether or

5  not this can be blocked by what comes out of toilets, what

6  comes out of garbage disposals --

7            THE COURT:    Mm-hum.

8            MR. ALLEN:      -- and so forth.  When we pointed

9  that out in our response quoting directly from Mr. Higgins'

10 report that his report finds an obstruction in the main

11 sewer line, then an affidavit was filed by Mr. Higgins in

12 the reply in support of the summary judgment motion, which

13 was filed a few days ago, and there was a June 25th

14 affidavit from Mr. Higgins in which he says the cause of

15 the backups was from people improperly putting the wrong

16 stuff in these lines.  Now, I have a lot of problems with

17 all of Mr. Higgins' report because of what appears on page

18 8, and some of this was in highlighted boxes when we

19 submitted it as an attachment to our response, but Mr.

20 Higgins says, and I'm quoting now from page 8, after

21 describing how he had relied on what he was told by the

22 property manager, Mr. Erickson, and then describes how Mr.

23 Erickson didn't have any actual records of any of the prior

24 backups or this one because those were all in archived

25 materials in storage to which Mr. Higgins had no access.

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 19

```
 1   He then says, "Therefore this report was developed and

 2   written without any support documents that described the

 3   nature and cause of each blockage."

 4              THE COURT:    Mm-hum.

 5              MR. ALLEN:    Now I have a really hard time with

 6   an expert who says in his written report that he has

 7   written it without anything to describe the nature and

 8   cause of each blockage --

 9              THE COURT:    But, Mr. --

10              MR. ALLEN:    -- and then files an affidavit

11   saying now he knows that the cause of each blockage was

12   improper stuff being put in.  First of all --

13              THE COURT:    (Inaudible).

14              MR. ALLEN:    -- that's hearsay.

15              THE COURT:    All right.

16              MR. ALLEN:    It does not --

17              THE COURT:    Mr. Allen let me stop you though.

18              MR. ALLEN:    I -- I apologize.

19              THE COURT:    Who's burden is it to establish

20   liability?

21              MR. ALLEN:    I'm sorry?

22              THE COURT:    Who's burden is it to establish

23   liability?

24              MR. ALLEN:    It's my burden to establish that

25   --
```

J. Lee Browning Belize Trust vs.          Motion Hearing and Final Pretrial Conference
Aspen Mountain Condominium Association, Inc.          August 12, 2016

Page 20

1        THE COURT:    Okay.

2        MR. ALLEN:    -- there's a blockage.

3        THE COURT:    All right.

4        MR. ALLEN:    It's my burden to establish that

5  -- I -- I -- I need to -- to say something that we were

6  hung up on for the better part of a day with Justice

7  Neighbors yesterday and I want to make sure I'm understood

8  on this.  This is not a negligence case.

9        THE COURT:    Mm-hum.

10       MR. ALLEN:    We don't need to prove negligence.

11  This is an equity case asking this Court to fashion

12  equitable relief to get these guys to fix this system --

13       THE COURT:    Mm-hum.

14       MR. ALLEN:    -- which up to now they have

15  adamantly refused to do.  What I have to prove is -- if I

16  can analogize it to a case tried right in this courtroom,

17  the Denver School integration case from --

18       THE COURT:    Mm-hum.

19       MR. ALLEN:    -- about 40 years ago.  The

20  plaintiffs in that case did not need to prove a remedy.

21  They needed to prove that discrimination had taken place in

22  violation of the board -- Brown vs. Board of Education.

23  Then, the Court had to fashion a remedy, which it did.  My

24  burden as I understand it is to show that there is

25  something going on here that is a problem to the extent it

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 21

1   makes this unit, and perhaps all of the units,

2   unmarketable, impairs greatly the ability of anybody to

3   live in them and use them, and that can only be remedied by

4   the association, and what I described to you when I started

5   out that I learned yesterday, that Mr. Linton actually

6   affirmatively interfered with Roto-Rooter coming in and

7   doing the work necessary to just work up a plan for how to

8   fix this, tells me all I need to know about whether or not

9   we need judicial intervention to get to a point that we

10   know what exactly this problem is. We know that there's a

11   problem in the main sewer line because Mr. Higgins' report

12   tells us that.

13           THE COURT:     Mm-hum.

14           MR. ALLEN:     We also know that somewhere

15   upstream from that in the 2-inch drain line is a 90-degree

16   turn in a system that was put in 44 or 45 years ago --

17           THE COURT:     Mm-hum.

18           MR. ALLEN:     -- that stuff is not getting past.

19   We know from the responses to our discovery -- the Court

20   granted us an extension for written discovery. We got that

21   back and from that we know that there was a backup that

22   came back into Unit 1b, which is parallel to our Unit 1a.

23   That tells me all I need to know about whether this

24   obstruction in the main sewer line is a problem. Obviously

25   it is, otherwise you can't get a backup coming into 1b. 1b

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 22

```
 1  is not something that is on the drain system of 1a, 2a, and
 2  3a, which are vertically stacked.  1b is horizontally next
 3  to it.  So what we know and what we can establish by
 4  testimony that does not depend on hearsay is that we have
 5  at least two very significant problems, and furthermore we
 6  know that Mr. Linton, who has 1b under contract for sale at
 7  a deeply-discounted price, has affirmatively done
 8  everything he can to shoot the messenger, to prevent Roto-
 9  Rooter, which is highly competent, from coming in there.
10  Now I spoke with the woman who runs the office at Roto-
11  Rooter and whom I believe to be the wife of the principal,
12  whose first name is Monty and whose last name I don't know,
13  last week, to try to get her -- Monty's full name -- to
14  designate him as a witness and she said, "I'm not going to
15  give that to you.  I don't want to deal with Aspen Mountain
16  Condominiums anymore."
17          THE COURT:    Mm-hum.
18          MR. ALLEN:    So, what I have is a situation
19  where this long-running, multifaceted vendetta that has
20  been going on against my clients, and where, I've got to
21  tell you, I'm sure you my clients are not without sin in
22  being angry and hostile on their part, has put me in a
23  situation where I really have not been able to get this
24  thing worked up properly, and I don't know any way out of
25  the box other than to recognize that when somebody tells me
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 23

```
 1   that someone called off a contractor two years ago, I'd
 2   better act to get that in suit and I'm going to do it.  I
 3   have to do it.
 4           THE COURT:      Okay.
 5           MR. ALLEN:      I have no choice.
 6           THE COURT:      So --
 7           MR. ALLEN:      I -- I -- I have done enough to
 8   satisfy myself under Rule 11 that it needs to be filed.
 9           THE COURT:      All right.  So let me ask you
10   this, Mr. Allen, and then I need to move on --
11           MR. ALLEN:      Sure.
12           THE COURT:      -- because I also have a 9:00
13   setting.  Are you planning to file that suit against Mr.
14   Linton in State Court?
15           MR. ALLEN:      No, I'm going to file it here.
16           THE COURT:      Okay.  So --
17           MR. ALLEN:      I think -- I think --
18           THE COURT:      So -- so what's your date --
19           MR. ALLEN:      -- the 5th through 9th judicial
20   district has heard all they want to hear about this matter
21   and I am infinitely more comfortable here than I am there.
22           THE COURT:      And your --
23           MR. ALLEN:      First of all, they can't get to a
24   civil trial in anything less than a couple of years.
25           THE COURT:      Mm-hum.  And your basis for that
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 24

```
 1  would be diversity?
 2          MR. ALLEN:      I'm sorry?
 3          THE COURT:      Your basis for --
 4          MR. ALLEN:      Yes.
 5          THE COURT:      -- a suit would be diversity?
 6          MR. ALLEN:      It would.  The Belize Trust.  It's
 7  a Belize citizen and Mr. Wegener expressed some concern
 8  about what a protector is.  The Belize Trust Act is
 9  available online but I can certainly get it to him --
10          THE COURT:      Mm-hum.
11          MR. ALLEN:      -- and show him how all that
12  works.
13          THE COURT:      All right.  The second question
14  that I have, and maybe Mr. Wegener can address this as
15  well, is there is this repeated reference to what's going
16  on in the state court and that it's up on appeal to the
17  Colorado Court of Appeals --
18          MR. ALLEN:      It is on appeal.
19          THE COURT:      -- so I want to get a sense of
20  what the parties various positions are with respect to the
21  state court.  So there's been a judgment entered against
22  Belize Trust, is that correct?
23          MR. ALLEN:      There's a -- the state court case
24  involves only the question of increase of assessments.  We
25  lost on that in the trial court.  We've appealed.
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 25

 1  We have filed our opening brief.

 2          THE COURT:    Okay.  Mr. Wegener?

 3          MR. WEGENER:    Actually, that's not entirely

 4  accurate.  The state court case involved a 2010 minor

 5  incident that was dismissed and a bunch of other issues

 6  within the -- the -- the HOA governance itself.  A lot of

 7  different issues.  There's been a number of judgments

 8  actually under the Belize Trust, not only for foreclosure

 9  and assessment but I actually have an award of almost

10  ninety thousand dollars against the -- against the trust

11  itself in terms of attorney fees and things like that.

12  That is up on appeal.  The reason I keep citing it in this

13  case or resulting to it because if that gets resolved

14  there's going to be potentially a sheriff's sale, and I

15  question whether at that time then that plaintiff would

16  have standing in this suit.

17          THE COURT:    Mm-hum.

18          MR. WEGENER:    And that's why I keep -- I -- I

19  think it's important but I almost think that if we're going

20  to set this for trial, you know, we'd want to get a

21  resolution of that because it could be at the end of the --

22  the whole thing, there could be no standing on the parties'

23  claim.

24          THE COURT:    Mm-hum.

25          MR. ALLEN:    Your -- Your Honor, may I say

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 26

```
 1   this?
 2            THE COURT:      Isn't -- isn't standing --
 3            MR. ALLEN:      There's not going to be a
 4   sheriff's sale.
 5            THE COURT:      Wait.  Isn't -- isn't --
 6            MR. ALLEN:      That -- that is patently
 7   ludicrous.  The -- the Belize Trust has multiple millions
 8   of dollars in assets.  It can pay a judgment.  The state
 9   court judgment is for attorney's fees and costs, coming
10   back the other way on a lot of issues.  The only live issue
11   in that case is assessments.  The other issues are -- may
12   have given rise to attorney fee and costs awards, but
13   they're not live issues that would ever go back on a
14   remand, and the normal practice in Colorado if this does
15   ever get remanded and we don't get settled, would be it
16   would go back and we would then ask the Court to order the
17   property listed for sale, if that was how the Belize Trust
18   wanted to deal with satisfying the judgment.
19            THE COURT:      Okay, Mr. --
20            MR. ALLEN:      And -- and I grant you, if the
21   Belize Trust sells the property that probably moots the
22   federal litigation, you know.
23            THE COURT:      Right.
24            MR. ALLEN:      I don't disagree.
25            THE COURT:      So it's not really an issue of
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 27

1  standing because standing is assessed at the time of the

2  complaint.

3          MR. ALLEN:     Right.

4          THE COURT:     It's more of an issue of mootness

5  --

6          MR. ALLEN:     Right.

7          THE COURT:     -- because if the -- if it's sold

8  then whatever remedy, injunctive remedy, Mr. Allen, that

9  you're trying to get would be moot because it would no

10 longer (inaudible).

11         MR. ALLEN:     That's right.  Well that's -- I

12 think that's -- I think that's probably the --

13         THE COURT:     All right.

14         MR. ALLEN:     I mean, I -- I totally agree.

15         THE COURT:     Okay.

16         MR. ALLEN:     That is correct.  That would moot

17 the issue that we're here about which is how do we remedy

18 this mess, and it would become the problem of a buyer if

19 there were a buyer.

20         THE COURT:     Yes.  Okay.  Mr. Wegener?

21         MR. WEGENER:   I -- I'm sorry.  I just wanted to

22 briefly sort of kind of maybe sum up.

23         THE COURT:     Mm-hum.

24         MR. WEGENER:   So the -- my position on the

25 motion for summary judgment is that basically what the

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 28

```
 1   argument of the plaintiff is is that there's some kind of
 2   defect or deficiency of the plumbing system --
 3              THE COURT:      Mm-hum.
 4              MR. WEGENER:      -- in the condominium complex.
 5   While I appreciate what Mr. Allen said, "Well, you know my
 6   clients are going to testify to backups and things like
 7   that," they still need an expert to establish that there is
 8   a problem in and of itself.  Mr. Allen is talking about
 9   some issue that occurred two years ago, and almost a year
10   before he filed suit in this case.  He has had -- I have
11   had the opportunity -- I went with him and asked him, "Hey
12   can I get a guy into the property, take a look at all this,
13   and provide an expert report?" which I did.  He has had the
14   same opportunity.  If he felt like the association was
15   going to do something or he had a Rule 35, I believe here,
16   to get in and take a look at that stuff.  The fact of the
17   matter is is there's been no expert designation on the part
18   of the plaintiff that would establish there's any sort of
19   deficiency or defectiveness with the plumbing system
20   itself.  Mere allegations of such doesn't raise to that
21   level, and this is a case in which an expert needs to be
22   provided on that.  It's not something that a lay person can
23   testify to when we're talking about a plumbing system,
24   especially for potentially three or four backups over the
25   last 20 some odd years that they've owned that unit in and
```

J. Lee Browning Belize Trust vs.                    Motion Hearing and Final Pretrial Conference
Aspen Mountain Condominium Association, Inc.                                    August 12, 2016

Page 29

1  of itself.

2            THE COURT:     All right.

3            MR. WEGENER:     And that's -- and that's my -- and

4  that's my issue.

5            THE COURT:      I appreciate that.  All right.

6  So, pending before the court today is the motion for

7  summary judgment filed by the defendant, which is docket

8  no. 46 (inaudible) -- docket No. 30 - it's been fully

9  briefed, argued.  It's deemed submitted and taken under

10  advisement.  The -- in addition, the court will set upon

11  request of the plaintiff, a hearing on their motion for

12  partial summary judgment on the issue of liability once the

13  Court makes a determination with respect to the pending

14  defendants' motion for summary judgment.  In addition,

15  there is a pending first motion for extension of time to

16  respond to defendant's second written discovery requests.

17  That will be denied based on the statements of the record

18  and the fact that it is -- the Court does not find good

19  cause to extend the discovery deadline at that point.  So,

20  that's docket No. 54 and that will be denied.  The Court

21  makes no preemptive ruling with respect to any motion that

22  might be filed by the plaintiff under Rule 36(b) to either

23  amend or withdraw its admissions thus far.  Is there

24  anything -- finally the Court will reset the final pretrial

25  conference and gives leave to the parties to appear by

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 30

1  telephone if appropriate.  So is there anything further

2  counsel, today, that would be helpful to discuss?

3       MR. ALLEN:    Your Honor, I had my left -- my

4  right shoulder replaced last December.  I have scheduled

5  surgery on September 28th to have my left shoulder

6  replaced.  That will be done by the same surgeon, Dr.

7  Ferdinand Liotta in Glenwood Springs.  He's part of the

8  Aspen Glenwood Orthopedic group.  Based on the past go

9  around on a shoulder replacement, that's going to have me

10  not able to travel for a couple of weeks.

11       THE COURT:    Okay.

12       MR. ALLEN:    I was able after the right

13  shoulder replacement to work at a desk, use a computer,

14  within a couple of days and I would expect that would be

15  the same this time around.

16       THE COURT:    All right.  So I've also noted

17  that in your draft final pretrial order, that you've

18  requested that a trial be held in Grand Junction or in the

19  Glenwood Springs federal facility.  Is that correct?

20       MR. ALLEN:    Yeah, I think that the old federal

21  building in Glenwood still has a courtroom, but I'm not

22  sure of that.

23       THE COURT:    We -- we don't have any facilities

24  in --

25       MR. ALLEN:    Okay.

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 31

```
 1              THE COURT:      -- Glenwood Springs that would
 2   allow us to actually hold trial, so we don't have recording
 3   devices --
 4              MR. ALLEN:      Right -- right.
 5              THE COURT:      -- electronics, anything like
 6   that.
 7              MR. ALLEN:      Right.
 8              THE COURT:      The issue with respect to Grand
 9   Junction, however, I'll take under advisement and I'll talk
10   to the clerk of the court.  And I know that some trials are
11   held there.  Obviously, Magistrate Judge Gallagher is also
12   there, so we would have to look at the issues involving his
13   schedule.  Mr. Wegener, what is your position on whether or
14   not the trial should proceed in Denver or in Grand
15   Junction?
16              MR. WEGENER:    It was actually -- I was going to
17   file a motion for interdivision transfer for the trial
18   anyways at some point in time.
19              THE COURT:      Okay.
20              MR. WEGENER:    And so I -- I would prefer to have
21   it here.
22              THE COURT:      All right.
23              MR. ALLEN:      I'm -- I'm sorry, Grand Junction?
24              MR. WEGENER:    Yeah, in Grand Junction.  Yes.
25              THE COURT:      All right.
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 32

```
 1            MR. ALLEN:    That -- that would involve Mr.
 2  Higgins and Your Honor and your staff coming from Denver,
 3  but everyone else --
 4            THE COURT:    No.  It would involve me.
 5            MR. ALLEN:    -- and -- and --
 6            THE COURT:    I don't think I could get staff to
 7  come with me, but that would be fine.
 8            MR. ALLEN:    Well, I just have to tell you that
 9  I-70 has become a great big question mark --
10            THE COURT:    Mm-hum.
11            MR. ALLEN:    -- in the last several years.
12  It's closed.  It's open.  It's closed.
13            THE COURT:    Mm-hum.
14            MR. ALLEN:    It's -- and in the wintertime and
15  in the summer you can go over Glenwood -- or through Aspen
16  and over Independence Pass, although that had a major truck
17  roll off of it a few days ago.  But it's really a struggle
18  getting people to and from Denver.
19            THE COURT:    Mm-hum.  I understand.  I -- I am
20  well acquainted with that drive.  So, in any case I will
21  take that under advisement and we'll see what we can do.
22            MR. ALLEN:    Okay, great.  Thank you, Your
23  Honor.
24            THE COURT:    Court will be in recess.
25            (Whereupon, the within hearing was then in
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 33

```
 1    conclusion at 9:11 a.m.)

 2

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25              I certify that the foregoing is a correct
```

J. Lee Browning Belize Trust vs.
Aspen Mountain Condominium Association, Inc.

Motion Hearing and Final Pretrial Conference
August 12, 2016

Page 34

```
 1  transcript, to the best of my knowledge and belief
 2  (pursuant to the quality of the recording) from the record
 3  of proceedings in the above-entitled matter.
 4
 5  /s/ Cheryl Richardson              August 29, 2016
 6  Signature of Transcriber           Date
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```